1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11CR1841-LAB

JESUS VIDAL LUNA-CHAGOLLA,

Petitioner,

vs.

UNITED STATES,

Respondent.

CASE NO. 11-CV-2745-LAB

**ORDER DENYING 28 U.S.C.**
**§ 2255 HABEAS PETITION**

Luna-Chagolla is currently serving a 48-month sentence for possession of methamphetamine with intent to distribute. *See United States v. Luna-Chagolla*, 11-CR-1841-LAB. Now before the Court is his habeas petition brought pursuant to 28 U.S.C. § 2255, through which he seeks a sentence reduction. He seeks the reduction on the ground that, due to his alien status, he is ineligible for early release into a halfway house (and other penal benefits) in violation of his Fifth and Fourteenth Amendment rights to due process and equal protection. This is a familiar claim that aliens make in federal habeas petitions, using (or guided by) what appears to be a form pleading, and the Court has consistently rejected it.

To state an equal protection claim, a plaintiff must allege he was treated differently from other similarly situated persons, *see City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985), and deportable aliens are not "similarly situated" to United States citizens.

- 1 -

1   It is not an equal protection violation to allow United States citizen-inmates, who must re-

2   enter domestic society, to participate in rehabilitative or other programs while denying that

3   privilege to deportable inmates. *See, e.g.*, *Santos v. United States*, 940 F.Supp. 275, 281

4   (D. Hawaii 1996) (one's status as deportable alien, which may result in ineligibility for less

5   restrictive terms of confinement, cannot justify downward departure; plaintiff failed to state

6   an equal protection claim "because deportable aliens are not 'similarly situated' to United

7   States citizens"). The Supreme Court "has firmly and repeatedly endorsed the proposition

8   that Congress may make rules as to aliens that would be unacceptable if applied to citizens."

9   *Demore v. Kim*, 538 U.S. 510, 521-22 (2003).

10        This Court has previously rejected the claim that an alien's ineligibility for various

11   prisoner programs or benefits violates that person's rights. *See Rendon-Inzunza v. United*

12   *States*, 2010 WL 3076271 (S.D. Cal. 2010); *Lizarraga-Lopez v. United States*, 89 F.Supp.2d

13   1166 (S.D. Cal. 2000).  Those holdings stand.  The purpose of halfway houses is to facilitate

14   the reintegration of prisoners into the community, but prisoners in Luna-Chagolla's position

15   are released first to the Attorney General and then to a foreign community. Moreover,

16   halfway houses are still custodial institutions wherein prisoners serve out their full sentences,

17   and from which deportable aliens would be a unique flight risk.

18        No due process or equal protection issue arises merely because a defendant's alien

19   status excludes him from certain programs available to citizens, within the prison system or

20   without.  Accordingly, Luna-Chagolla's argument that the Court should consider his request

21   for an additional downward departure on that basis is rejected.  His habeas petition is

22   accordingly **DENIED**.  The Court also **DENIES** him a certificate of appealability.  *See* 28

23   U.S.C. § 2253(c)(2).

24

25        **IT IS SO ORDERED**.

26   DATED:  January 24, 2013

27   *Larry A. Burns*

28   **HONORABLE LARRY ALAN BURNS**
     United States District Judge

- 2 -